IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MELVIN A. COLEMAN,

    Petitioner,

v.                                                                                             Civil Action No. **3:15CV691**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Melvin A. Coleman, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging the execution of his sentence. Specifically, Coleman contends the Virginia Department of Corrections "incorrectly failed to subtract the 2 years which the court suspended" from his sentence. (*Id.* at 6.) Therefore, Coleman argues that he "will be illegally and unconstitutionally incarcerated for 2 years past his correct release date." (*Id.*) Respondent has moved to dismiss on the ground that Coleman's claim lacks merit. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

### I. Procedural History

Following a jury trial, on December 5, 2013, in the Circuit Court of King George County ("Circuit Court"), Coleman was found guilty of Driving on a Revoked License, Driving After Declared an Habitual Offender, and Driving Under the Influence. (ECF No. 12-1, at 11.) For the offense of Driving on a Revoked License, the Circuit Court sentenced "the defendant to Incarceration in the Virginia Department of Corrections for a term of 3 years." (*Id.* at 12.)[1] For the offense of Driving After Declared an Habitual Offender, the Circuit Court sentenced "the

---

[1] The Court omits the emphasis in the quotations from the parties' submissions. The Court employs the pagination assigned by CM/ECF for all citations.

defendant to 3 years" of incarceration. (*Id.*) For the offense of Driving Under the Influence, the Circuit Court sentenced "the defendant to a jail term of 12 months . . . ." (*Id.*) The Circuit Court further stated that "[a]n **additional** term of 2 years is suspended, pursuant to Virginia Code 19.2-295.2." (*Id.* (emphasis added).) That statute provides, in pertinent part:

> At the time the court imposes sentence upon a conviction for any felony offense . . . [the court] shall, **in addition to any other punishment imposed** if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine. **Such additional term shall be suspended** and the defendant placed under postrelease supervision upon release from the active term of incarceration. The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years. Periods of postrelease supervision imposed pursuant to this section upon more than one felony conviction may be ordered to run concurrently. Periods of postrelease supervision imposed pursuant to this section may be ordered to run concurrently with any period of probation the defendant may also be subject to serve.

Va. Code Ann. § 19.2-295.2(A) (West 2016) (emphasis added). Thus, as reflected in the Circuit Court's sentencing order, Coleman was sentenced to "6 years and 12 months" of incarceration, plus an additional 2-year term of postrelease supervision. (ECF No. 12-1, at 12.)

On March 27, 2015, Coleman filed a petition for a writ of habeas corpus with Supreme Court of Virginia wherein he complained that the Virginia Department of Corrections was incorrectly requiring that he serve "6 years and 12 months." (*Id.* at 6.) Coleman asserted that he only had "an active sentence of 4 years and 12 months," because the Circuit Court had suspended two years of his total sentence. (*Id.*). The Supreme Court of Virginia rejected this claim on the ground that "petitioner's sentences have been accurately calculated." (*Id.* at 32.)

## II. The Applicable Constraints Upon Federal Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III. Analysis

Here, as he did on state habeas, Coleman insists that VDOC has incorrectly calculated his sentence because he only received an active sentence of 4 years and 12 months as the Circuit Court suspended two years of his total sentence. The record plainly reflects that the Circuit Court sentenced Coleman to "6 years and 12 months" of incarceration, plus an additional 2- year term of postrelease supervision. (ECF No. 12-1, at 12.) The Circuit Court did not suspend any

3

of the term of active incarceration it imposed upon Coleman.[2] As Coleman fails to demonstrate that the Supreme Court of Virginia made any unreasonable application of law or fact in rejecting his claim, Coleman's claim will be DISMISSED.

Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

                                                              /s/ *signature*
                                                              Roderick C. Young

Date:  June 15, 2016                                United States Magistrate Judge
Richmond, Virginia

---

[2] Contrary to Coleman's suggestion, the 2-year term of postrelease supervision is not subtracted from the other sentences of imprisonment imposed by the Circuit Court. *See Williams v. Commonwealth*, 621 S.E.2d 98, 100 (Va. 2005).

4